## UNITED STATES v. RANSOM.

(Circuit Court of Appeals, Eighth Circuit.   September 11, 1922.)

No. 5976.

Taxation ⏇181—Lands purchased for Indian with trust funds held not exempt from taxation.

Lands, previously subject to taxation, purchased for a minor Creek Indian by her guardian, with approval of the Secretary of the Interior, with funds received as royalties under mining lease of her allotment, *held* not exempt from state taxation.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Action at law by the United States against J. P. Ransom. Judgment for defendant, and the United States brings error. Affirmed.

For opinion below, see 271 Fed. 747.

O. H. Graves, Sp. Asst. U. S. Atty., of Muskogee, Okl. (Frank Lee, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

N. A. Gibson, of Muskogee, Okl. (J. L. Hull and T. L. Gibson, both of Muskogee, Okl., Ben D. Gross, of Eufaula, Okl., and George F. Short and William H. Zwick, both of Oklahoma City, Okl., on the brief), for defendant in error.

Before LEWIS and KENYON, Circuit Judges, and JOHNSON, District Judge.

LEWIS, Circuit Judge.   This case was brought on and the issues which it presents were argued with those in U. S. v. Gray et al., 284 Fed. 103, decided this day.   The general principles to be applied are the same in the two cases, and reference is made to our opinion in that case to save repetition.   This, however, is an action at law to recover some $4,000 paid to the county treasurer of McIntosh County under protest as the amount assessed and levied on lands and town lots for general taxes. The lands were purchased in seven tracts and comprise 1600 acres. The lots compose all of Block 3 in the City of Eufaula.   They were bought for and deeded to Ella Jones, and the title was in her at the time of the assessment and levies.   She is a full blood Creek Indian and is a minor.   She was allotted 160 acres of tribal land and received patent therefor containing restrictions against alienation of the same until April 26, 1931.   In February, 1912, her guardian, appointed by and serving under direction and control of the State probate court gave an oil and gas lease on the allotment, which was approved by the Secretary of the Interior.   The lease reserved to the lessor 12½ per cent. of the sale price of the oil, of which large quantities have been obtained and disposed of under the lease, and the royalties payable to Ella Jones, which were under the care of the Secretary of the Interior (Parker v. Richard, 250 U. S. 235, 39 Sup. Ct. 442, 63 L. Ed. 954; U. S. v. Hinkle (C. C. A) 261 Fed 518), have been turned over to the superintendent for the Five Civilized Tribes as a trust

fund to be held by him and disbursed at the Secretary's discretion and direction for her benefit. The purchases appear to have all been made on request of the guardian. The procedure adopted was carried on in this way. The guardian would make application in writing to the Superintendent for funds to pay for the particular tract to be purchased. Someone connected with the Superintendent's office or otherwise in the employ of the Government would examine the lands and the title thereto, and if found satisfactory a check would be drawn with the Secretary's approval in favor of the guardian against the trust funds held by the Superintendent. The guardian would then deliver the check to a bank in Eufaula and take credit for the amount thereof as guardian of Ella Jones, and on that day, or very shortly thereafter, he would draw his check against his account as guardian in the bank in favor of the grantor, and turn it over to him on delivery of the deed. The total amount paid for the lands and lots in this way was about $50,000. All of the lands and lots were subject to assessment and levy for general taxes prior to being purchased for Ella Jones. The deeds were all taken in her name as grantee, and the habendum clauses contained the same condition and restriction against alienation as that set forth in the opinion in the other case in the deed to Lizzie Lewis. The consideration clauses, however, after stating the respective amounts paid for the different tracts, described the sum either as funds held by the United States in trust subject to disbursement under the supervision of the Secretary of the Interior, or as royalties accruing from an oil and gas lease on restricted lands allotted to Ella Jones, or as royalties thus held in trust and subject to disbursement under the supervision of the Secretary. The amount paid as taxes appears to have included levies for several years, and the lands and lots were advertised for sale and were about to be sold for these taxes, penalties and costs when the sum now sought to be recovered was paid over. Before bringing this action a suit was brought in the State court to enjoin the county treasurer from collecting the taxes, on the one ground asserted there and here—that the lands and lots when purchased for and deeded to Ella Jones became exempt. The trial court sustained a demurrer to and dismissed the bill, and on appeal that judgment was affirmed. See Jones v. Whitlow (Okl.) 175 Pac. 753. The opinion in that case accords with the views which we expressed in the other case, and which we apply to this.

Affirmed.